UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CROWN IRON WORKS COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>ARIEL FARIAS, an individual, LUIS RIVAS, an individual, and SCOTT TAFF, an individual,<br><br>        Defendants. | Case No. 0:24-cv-01650-SRN/DJF<br><br>**ORDER ON PARTIES' STIPULATION GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |

Jesse Linebaugh, Faegre Drinker Biddle & Reath LLP, 801 Grand Ave., 33rd Floor, Des Moines, IA 50309; Martin S. Chester, Monika Sehic, and Andrew McCarty, Faegre Drinker Biddle & Reath LLP, 2200 Wells Fargo Center, 90 S. 7th St., Minneapolis, MN 55402, for Plaintiff

Lucas J. Thompson, Thompson Horst, PLLC, 7760 France Ave., Floor 11, Edina, MN 55435, for Defendants

_____

        This matter comes before the Court on the motion [Doc. No. 11] of Plaintiff Crown Iron Works Company, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for a preliminary injunction enjoining Defendants Ariel Farias, Luis Rivas, and Scott Taff (collectively, "Defendants," and each individually, a "Defendant") from engaging in certain activities.

        Pursuant to the Joint Stipulation of the Parties [Doc. No. 39]:

        **IT IS HEREBY ORDERED** as follows:

        1.    Plaintiff's motion seeking a preliminary injunction [Doc. No. 11] is **GRANTED**;

2. From the date of this Order until the date that final judgment in this action is entered by this Court, Defendants, as well as all persons acting in concert with them who receive notice of this Order, are enjoined and ordered as follows:

    a. Defendants (individually and collectively), and any person acting in concert with any of them, shall cease and refrain from directly or indirectly using, accessing, disclosing, or copying, for any purpose (except as necessary to comply with this Order and to access documents for the purpose of this lawsuit), any Confidential Information (as that term is defined in the Taff Agreement, Farias Agreement, and Rivas Agreement, respectively, that are attached to the Complaint [Doc. Nos. 1-1, 1-2, 1-3, 1-4]) and any other non-public information, documents, records, files, or data in any Defendant's possession, custody, or control copied or taken from Plaintiff or its affiliates or from any of their computers, servers, databases, networks, or systems, including without limitation any and all information, documents, files, or data copied or downloaded by Defendants from Plaintiff's or its affiliates' computers, servers, databases, or systems (the "Crown Information"), regardless of the medium on which such materials were copied, transferred, or stored;

    b. Within fourteen (14) days of the entry of this Order, each Defendant, and any person acting in concert with any of them, shall deliver to Plaintiff's counsel any and all originals and copies of all Crown Information in their possession, custody, or control. This includes providing any Crown Information as it

may have been modified, updated, upgraded, integrated into other documents, or otherwise used by any Defendant. For digital Crown Information that is not easily turned over in original form because it resides in a digital account (e.g., an email account) or cloud file or because it resides on a digital device that a Defendant needs access to on a regular basis, Defendants may comply with this paragraph by providing copies of the Crown Information to Plaintiff's counsel. If requested by Plaintiff's counsel, Defendants shall, after providing Plaintiff's counsel with copies, delete all copies of digital Crown Information in their possession, or if not requested to delete such digital information, shall otherwise retain and not modify the digital copies of documents in their possession. Nothing herein shall prevent Defendants' legal counsel from retaining a copy of any such information for the purpose of representing Defendants in this dispute.

c. Except as necessary to comply with this Order and to access documents for the purpose of this lawsuit, neither Defendants, nor any person acting in concert with any of them, shall access or modify the Crown Information but rather shall preserve the same.

d. Defendants, and any person acting in concert with any of them, shall preserve and not otherwise tamper with or modify in any way the devices and other tools, including but not limited hard drives, computers, laptops, phones, USB devices, external data storage devices, other electronic devices, or personal or business email or cloud accounts, they have used since December 1, 2023

to access, copy, use, or disclose any Crown Information (the "Defendant Devices and Accounts"). Notwithstanding the foregoing, nothing herein shall prevent Defendants from using Defendant Devices and Accounts in their ordinary course for purposes not associated with Crown Information, and in ways that do not modify or tamper with Crown Information.

e. Defendants must produce and make all Defendant Devices and Accounts available to Plaintiff's counsel for inspection and forensic imaging, preservation, and remediation.

3. Defendants are hereby ordered to refrain from engaging in the activities listed in § 2.3 of the Taff Agreement, Farias Agreement, and Rivas Agreement (attached to the Complaint [Doc. Nos. 1-1, 1-2, 1-3, 1-4]), except as follows:

a. Defendants may contact customers of Crown or other parties in the oilseed industry, but exclusively for the sole purpose of providing products or services that are not competitive with the Products or Services (as those terms are defined in the Taff Agreement, Farias Agreement, and Rivas Agreement and as further described herein).

b. Defendants acknowledge that the core of Crown's business includes the following Products and Services: (1) Supplying equipment, including Crown proprietary equipment and third-party purchased items, with associated parts for each, to provide a full process solution for Crown customers (hereinafter, "Equipment Services"); (2) Consultative & Supervisory Services, including training, maintenance support, construction support (including installation

and commissioning), technology process optimization and debottlenecking, and automation and electrical for the same (hereinafter, "Consultative & Supervisory Services"); and (3) Ancillary construction in support of Crown's Equipment Services and Consultative & Supervisory Services (hereinafter, "Construction Services"). Defendants also acknowledge that Crown primarily operates in the following technology markets: (1) Oilseeds ("Oilseeds" understood to include Soybean, Canola, Rapeseed, Sunflower, Hemp, Palm, Peanut, Safflower, and also covering crops like Camelina, Caranata, Pennycress, and Covercress) crush plants, including preparation and extraction; (2) Oilseeds protein concentrate plants; (3) Oilseeds pretreatment, biofuels, and edible oil refining plants; (4) Specialty solvent extraction plants (collectively, the "Crown Technology Markets"). Therefore, Defendants are ordered to not provide any Equipment Services, Consultative & Supervisory Services, or Construction Services for any customers of Crown or other parties in the Crown Technology Markets.

c. If Defendants present a proposal to Crown customers or other parties in the oilseed industry to provide non-competitive products or services consistent with this Order, Defendants shall, within five (5) days of such proposal, affirmatively inform such parties in writing that they cannot provide any product or service that is provided by Crown and shall provide the client with a copy of this Order.  No later than seven (7) days thereafter, Defendants shall provide Crown with copies of such writings and shall also provide

5

        Crown a brief description of the non-competitive products or services Defendants intend to provide to these Crown customers or other parties in the oilseed industry.

    d. Notwithstanding anything to the contrary in paragraph b above, Defendants may provide custom structural steel services to customers in the Crown Technology Markets so long as such services are not competitive with any product or service provided by Plaintiff. To avoid dispute as to what is competitive, Defendants shall make disclosures of their proposals as described in paragraph c to Plaintiff, and to the extent Plaintiff indicates within 20 days of such disclosure that Plaintiff wishes to provide all or part of the product or service, Defendants shall, at Plaintiff's option, either: (1) indicate to the client that Defendants cannot provide such product or service (in whole or in part, as applicable) and refer the client to Plaintiff for the same or (2) revise their proposal to incorporate Plaintiff's products or services on terms agreed upon by Plaintiff.

4. This Order shall remain in place as a Preliminary Injunction until further modified by Order of this Court.

BY THE COURT:

Date: June 20, 2024                                s/Susan Richard Nelson
                                                            Susan Richard Nelson
                                                            United States District Judge